IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON WILSON, #209737, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-003-WHA |
| ) | [WO] |
| ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Brandon Wilson, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on January 2, 2019. After reviewing the complaint, the court deemed it necessary for Wilson to file an amended complaint and provided him an opportunity to do so. Specifically, the court issued a detailed order explaining the need for an amended complaint and providing Wilson specific instructions for how to file the amended complaint. Doc. 4 at 1–3. The court cautioned Wilson that his failure to comply with the directives of this order would result in a recommendation that this case be dismissed. Doc. 4 at 3.

The time allowed to Wilson to file the amended complaint expired on January 22, 2019. As of the present date, Wilson has failed to file an amended complaint as required by this court. In light of Wilson's failure to file the necessary amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863

F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file an amended complaint as ordered by this court.

On or before **March 5, 2019**, Plaintiff may file objections to the recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of February, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE